*976 OPINION.
Smith:
The record in the instant case presents the picture of a business enterprise passing through three phases of existence in less than two years. In the fall of 1919 it commenced doing business, and constituted the third unit of a group of three nonrelated business enterprises conducted by J. Levitt as sole proprietorships. On January 1, 1920, J. Levitt entered into an oral partnership agreement with his son Ellis I. Levitt, whereby the son acquired a one- *977 third ir.terest in a partnership which continued the operation of the three businesses formerly conducted as sole proprietorships.
Early in 1920 it was decided to incorporate the second-hand automobile business conducted under the trade name of Central Auto Market. Articles of incorporation were prepared and filed with the Secretary of State for the State of Iowa and a charter was granted. The name of the corporation. — the petitioner here — was also the Central Auto Market.
The respondent claims that the second-hand automobile business known as the Central Auto Market was conducted by the corporation from February 20, 1920, the date of incorporation, whereas the petitioner claims that while it existed as a corporation from February 20,1920, it did not commen.ce doing business until January 1, 1921.
Counsel for respondent contends that the second-hand automobile business was held out to the public as being that of a corporation and in support thereof he shows that chattel mortgage forms were printed bearing on the back thereof the words “ Central Auto Market, Inc.”; that such forms were used by the business in taking mortgages; that an annual corporation report for the year 1920 was filed with the Secretary of State; that three suits were filed in the Municipal Court of Des Moines, Iowa, in each of which it was alleged in the petition that the plaintiff — the Central Auto Market— was a corporation existing under and by virtue of the laws of the State of Iowa and was entitled to the mortgage and note sued upon, and that judgment in each of the suits was taken by the corporation. It is further alleged on behalf of the respondent that by reason of the foregoing the business was conducted by petitioner at all times during the year 1920 subsequent to its incorporation.
We are not convinced, however, that such was the case. The crux of the situation here is whether or not the corporation acquired the assets and took over the operation of the preexisting business during the year under review. The evidence shows clearly that such was not the case. No stock was issued by petitioner during the year 1920, and the capital accounts of the business known as the Central Auto Market were kept in the names of J. Levitt and Ellis I. Levitt throughout that year. A capital account was set up in the books of the corporation as of January 1, 1921, but no cash or property was paid in for stock at the time it was issued on January 2, 1921.
Evidence was presented tending to show that credit extended to the business during the year 1920 was not extended to the corporation but was based upon the personal credit of J. Levitt. Similarly money was loaned during the year on notes signed “Central Auto Market by J. Levitt,” there being no indication that the notes were those of *978 a corporation, or that J. Levitt was not ultimately liable thereon. In the event of suit, we have serious doubts as to whether the Levitts could have relied on limited liability.
Although the petitions in each of the suits mentioned above alleged that the corporation was the owner of the chattel mortgage and the note involved, we can not find that such allegations show that the corporation had taken over the accounts receivable of the business. Judgment in each case was taken by default. Consequently, the question as to the identity of the party plaintiff was not raised. Nor does it appear that income was received by the corporation by reason of having obtained the judgments, it not having been shown that it obtained execution thereon. It is a fair presumption that eventually the judgments were either partially or wholly satisfied, but there can be no presumption that such satisfaction was obtained during the year 1920. Nor are we satisfied that the taking of chattel mortgages wherein the mortgagee was the Central Auto Market on forms bearing the words “ Copies of this form may be secured from Central Auto Market, Inc.,” demonstrates that said mortgages were taken by a corporation, especially in view of the fact that during the same period of time other mortgages were taken on forms of the Motor Finance Co. and the State Loan Co., in each of which the Central Auto Market was recited as mortgagee.
In view of the whole record, we are of the opinion that during the year 1920, the petitioner did not take over the assets and the operation of the second-hand automobile business conducted by the Central Auto Market, and the Commissioner did not determine that it received income during that year from other sources.

Judgment of no deficiency will be entered.

Considered by LittletoN and Love.